The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELISABETH M. DUNN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEHMAN BROTHERS BANK, F.S.B;<br>AURORA LOAN SERVICES, LLC;<br>MCCARTHY HOLTHUS, LLP;<br>QUALITY LOAN SERVICES OF<br>WASHINGTON,<br><br>　　　　Defendants. | No.: C10-05133 RBL<br><br>ORDER GRANTING AURORA LOAN SERVICES LLC'S MOTION TO DISMISS<br>[Dkt. #8] |

This matter comes before the Court pursuant to Defendant Aurora Loan Services LLC's Motion to Dismiss [Dkt. #8]  Pro se Plaintiff Dunn alleges that Defendants engaged in fraud and other unlawful conduct in connection with the Plaintiff's 2006 home purchase mortgage, and the subsequent foreclosure on that property.

In June, 2009, Plaintiff sued virtually this same set of defendants in Pierce County Superior Court.  She was represented by an attorney in that suit.  Plaintiff alleged that Lehman Brothers (the lender) engaged in predatory lending practices, asserted that she obtained a "10 year arm" instead of the "five year arm" she sought, and argued that the foreclosure was fatally

ORDER

flawed because Lehman did not possess her original Promissory Note. Defendants moved to dismiss, and Plaintiff's state court lawsuit was dismissed with prejudice. [Dkt/ #8, Ex. C]. Moving Defendant Aurora was not named in the prior suit, it purchased the property and is the successor in interest to a party in that lawsuit, nominal beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS"). Aurora appeared in and filed the Motion to Dismiss in the prior state court action. [Dkt. #8 Ex. B]

Aurora argues that this pro se litigation should be dismissed because it is barred by res judicata, based on the prior lawsuit's dismissal with prejudice. It argues that Plaintiff has failed to state a claim upon which relief may be granted [Fed. R. Civ. P. 12(b) (6)].

The doctrine of res judicata (also known as claim preclusion) bars litigation where a prior judgment concerns the same "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225-26, 588 P.2d 725 (1978). Res judicata "is intended to prevent piecemeal litigation and ensure the finality of judgments." *Landry v. Luscher*, 95 Wn. App. 779, 783, 976 P.2d 1274 (1999). Res judicata applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence *should have been raised*, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn.App. 320, 328-329, 941 P.2d 1108 (1997) (emphasis added).

The subject matter of the two suits is identical. Plaintiff complains that there was fraud and other irregularities in connection with her 2006 mortgage, including violations of the Truth in Lending Act ("TILA"). She asserted there, and asserts here, that the debt collection efforts are flawed because Lehman Brothers did not possess the original note, and, apparently, because they did not loan her their own money in the first place.

ORDER

In determining whether the causes of action asserted are identical, the court examines:

(1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-1202 (9th Cir. 1982).

As Aurora correctly points out here, each of these factors supports the application of res judicata.  The "rights" established in the prior action – that the Plaintiff's claims were time barred and otherwise fatally flawed – would be seriously impaired if she were to re-assert them here.  The evidence is the same, because the two actions arise out of the same transaction, or a common nucleus of operative facts.  And the two suits clearly involve the infringement of the same right – according to the Plaintiff, the right to have different or better information at the time she borrowed the money and executed the note, the right to the original note, and so forth.  The Causes of action are also sufficiently the same for res judicata to apply.

The persons and parties are also identical for purposes of res judicata.  The Plaintiff is the same, and the only difference among the defendants is Aurora, which in fact appeared and successfully sought dismissal in the prior case.  Finally, the "quality" of the parties is exactly the same.

//

ORDER

For these reasons, Plaintiff's current lawsuit is barred by the dismissal with prejudice of her prior lawsuit. Therefore, Aurora's Motion to Dismiss [Dkt. #8] is GRANTED and this action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 27th day of May, 2010.

_____

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER